Donald Odell SARGENT *v.* STATE of Arkansas

CR 80-236                                        614 S.W. 2d 503

Supreme Court of Arkansas
Opinion delivered April 20, 1981
[Rehearing denied May 18, 1981.]

*E. Alvin Schay*, State Appellate Defender, by: *Linda Faulkner Boone*, Deputy Defender, for appellant

*Steve Clark*, Atty. Gen., by: *Jack W. Dickerson*, Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted of first degree murder and was sentenced to life in the Arkansas Department of Correction. On appeal he argues that the evidence was insufficient to corroborate the testimony of the accomplices and that the court erred in refusing to give appellant's requested instruction on the lesser included offense of manslaughter. We find no error on either point and therefore affirm the action of the trial court.

The facts in this case reveal that on February 18, 1980, the appellant, Donald Odell Sargent, shot his father, Charlie Sargent, with a handgun and thereafter attempted to burn him by dousing him with gasoline and setting the truck on fire. After being shot several times Charlie Sargent was still alive and lived until sometime after he was left on a side road in Saline County where he died. The decedent's body was found by a passerby on the Woodson Lateral Road on the morning of February 19, 1980. The truck door on the passenger side was open, and the body of the decedent was 15 to 20 feet down an embankment on the passenger side of the vehicle. The spare tire in the bed of the pickup truck had been burned.

The testimony of the accomplices, appellant's younger brothers, was generally in agreement. Both agreed that Donald had encouraged them to make up a false story about what happened to their father. It was not disputed that accomplices, Roy and Cecil Sargent, helped their brother Donald load their father into the truck after he was shot. Some testimony indicated that Mrs. Sargent also assisted in getting him into the truck. The accomplices testified it was Donald who shot the decedent and it was he who attempted to later burn his father even though he was still alive. The

state medical examiner testified that the cause of death was the four gunshot wounds to the body of the decedent.

Appellant's mother was tried as an accomplice and convicted of second degree murder. Donald Sargent's two younger brothers were granted immunity and testified against him. It is admitted as a matter of law that the two brothers were accomplices. Since the mother was convicted, she was also an accomplice as a matter of law.

We first consider the argument that there is insufficient corrobration of the accomplices' testimony to sustain the conviction. Corroborating evidence need not be sufficient in and of itself to sustain a conviction. The corroborating evidence need only show the commission of the crime and have a tendency to connect the defendant with the commission of the crime. *Dyas* v. *State*, 260 Ark. 303, 539 S.W. 2d 251 (1976); *Hammers* v. *State*, 261 Ark. 585, 550 S.W. 2d 432 (1977). If there is any corroboration, the question of sufficiency is a matter for the jury. *King* v. *State*, 254 Ark. 509, 494 S.W. 2d 476 (1973).

The state medical examiner testified the decedent died as a result of four gunshot wounds. A member of the state police identified the metal fragments taken from decedent's body as being the same caliber as the weapon the accomplices testified was used by appellant to kill his father. The weapon was later found in a melted down condition at appellant's residence. It could not be tested to determine whether it was the actual weapon which fired the fatal bullets. However, the evidence was clearly sufficient for the jury to find it was the weapon used to murder the decedent. The body was found at the place where the accomplices said it was taken, and the truck was burned in the manner described by them.

One of appellant's schoolmates testified that the appellant told him if his dad, the decedent, died in a certain truck that the family would get a bunch of money. He also offered to give this witness $1,000 if he would kill his father. This conversation was overheard by another student. The testimony from the accomplices, as well as the other witnesses all

tended to show that appellant wanted his father to die. His thoughts are matters which can be considered in this case. We have held that "proof of ill will and threats" is sufficient to corroborate an accomplice's testimony. *Roberts* v. *State*, 96 Ark. 58, 131 S.W. 60 (1910). See also *Payne* v. *State*, 246 Ark. 430, 438 S.W. 2d 462 (1969). To the same effect see *Harris* v. *State*, 262 Ark. 506, 558 S.W. 2d 143 (1977).

We now turn to the matter of the rejected instruction. The court gave instructions on first and second degree murder. However, the court refused to give a requested instruction on manslaughter. It is true that if there is any evidence to support the giving of the lesser included offense, it must be given. *Westbrook* v. *State*, 265 Ark. 736, 580 S.W. 2d 702 (1979). The elements of manslaughter are set out in Ark. Stat. Ann. § 41-1504 (Repl. 1977) as follows:

(1) A person commits manslaughter if:

(a) he causes the death of another person under circumstances that would be murder, except that he causes the death under the influence of extreme emotional disturbance for which there is reasonable excuse. The reasonableness of the excuse shall be determined from the viewpoint of a person in the defendant's situation under the circumstances as he believes them to be;

* * *

It appears that the appellant relied upon the defense of accidental shooting or self-defense. From an examination of the record we do not find any proof that the appellant was under the influence of extreme emotional disturbance for which there was a reasonable excuse. There was never any claim that appellant was afraid of the decedent or that he was under any other type of emotional or mental stress. The fact that appellant was convicted of first degree murder, although the jury had also been instructed on second degree murder, indicates that an instruction on manslaughter would have been a useless thing. Ark. Stat. Ann. § 41-105 (3) (Repl. 1977) states that the court shall not be obligated to charge the jury with regard to an included offense unless

there is a rational basis for a verdict acquitting the defendant and convicting him of the included offense. There simply was no evidence in the present case to support a conviction of manslaughter. It was really a case of first or second degree murder or nothing at all.

Pursuant to Ark. Stat. Ann. § 43-2725 (Repl. 1977) and Rule 11 (f) of the rules of this court, the record has been analyzed for questions raised and objections made at the trial but not briefed on appeal. We have made such examination and do not find any prejudicial error.

Affirmed.