Larry Gene SMITH *v.* STATE of Arkansas

CR 82-89                                   642 S.W.2d 299

Supreme Court of Arkansas
Opinion delivered November 22, 1982

*Woodson Walker Associates, P.A.,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. The appellant was convicted of two counts of aggravated robbery (Ark. Stat. Ann. § 41-2102 [Repl. 1977]) and sentenced to twenty years imprisonment for each count, to be served consecutively. We affirm.

Appellant first contends, through substituted counsel on appeal, that the jury verdict, finding him guilty of two counts of aggravated robbery, is not supported by the evidence. However, he limits his argument to the sufficiency of the evidence as to count two, which names the victim as Kory Zuniga. The alleged victim in count one is Mark Kessinger. Specifically, appellant asserts there is no evidence that he threatened to employ physical force upon Zuniga while armed with a deadly weapon.

Zuniga did not testify. Kessinger testified that Zuniga and he were selling housewares from a van when appellant approached them. He, Kessinger, had stepped from the van. Zuniga remained in the driver's seat. The appellant stuck a pistol in Kessinger's back and threatened to kill him if he moved and demanded money. Kessinger saw the pistol and described it. Appellant then took Kessinger's wallet, which contained $78, from his back pocket. The appellant then told Zuniga to give him his wallet while he was still standing behind Kessinger, who was facing Zuniga. According to Kessinger, when the appellant asked Zuniga for his wallet, the appellant "had the gun underneath my armpit behind me, in plain sight. . . . " Zuniga opened his wallet which showed it contained no money. The appellant then took their brief case and told them to open it, which was done. It contained no money, only checks. At gunpoint, he then ordered them to get in the van and leave the scene. As they started to leave, an officer arrived and they reported the incident. The arresting officer testified that after a short footrace he apprehended the appellant and found him in possession of the wallet. He observed appellant with a pistol and found the pistol a few feet from him at the time of the arrest. Appellant denied any complicity or knowledge of the alleged offense. Thus, the testimony is in conflict only as to his participation in the alleged offense.

In *Fairchild* v. *State*, 269 Ark. 273, 600 S.W.2d 16 (1980), we summarized the elements of aggravated robbery:

A person commits robbery if with the purpose of committing a theft or resisting apprehension immediately thereafter, he employs or threatens to im-

mediately employ physical force upon another. Ark. Stat. Ann. § 41-2103 (Repl. 1977). Physical force means any bodily impact, restraint, or confinement or the threat thereof. Ark. Stat. Ann. § 41-2102 (Repl. 1977). A person commits aggravated robbery if he commits robbery armed with a deadly weapon, or represents by word or conduct that he is so armed. Ark. Stat. Ann. § 41-2102 (Repl. 1977).

On appeal we review the evidence in the light most favorable to the appellee and affirm if there is any substantial evidence to support the jury verdict. *Cooper* v. *State*, 275 Ark. 207, 628 S.W.2d 324 (1982); and *Lunon* v. *State*, 264 Ark. 188, 569 S.W.2d 663 (1978). Here, there is ample substantial evidence to support the jury's verdict finding appellant guilty of aggravated robbery of Zuniga, i.e., the appellant, with the purpose of committing a theft, employed or threatened to immediately employ physical force upon Zuniga, and did so while armed with a deadly weapon.

Neither do we find any merit in the contention that the trial court erred in failing to instruct on robbery, a lesser included offense of aggravated robbery. The thrust of appellant's argument is that the evidence is deficient or in conflict as to the appellant's being armed. As indicated, Kessinger and the officer, who chased and arrested the defendant immediately after the robbery, testified that appellant was armed. No witness testified to the contrary except appellant, who denied any involvement in or knowledge of the robbery. The trial court is not obligated to charge the jury with respect to a lesser included offense when there is no rational basis for the jury to find appellant guilty of a lesser included offense. Ark. Stat. Ann. § 41-103 (3) (Repl. 1977); and *Caton* v. *State*, 252 Ark. 420, 479 S.W.2d 537 (1972). Here, obviously, there was no rational basis for the jury to find appellant guilty of robbery, a lesser included offense. The evidence clearly shows the only fact issue for the jury to resolve was whether the defendant was guilty of aggravated robbery as charged or was innocent.

Finally, the appellant argues that the court erred in permitting the prosecutor to inquire of appellant on cross

and recross examination as to his previous conviction of three robberies based on multiple counts. Since no objection was made at trial and it is raised for the first time on appeal, we do not consider this contention. Neither do we consider this questioning as being an exception to the requirement of an objection as is defined in *Wicks* v. *State,* 270 Ark. 781, 606 S.W.2d 366 (1980).

Affirmed.