Ricky MOORE and Harvey JONES *v.* STATE of Arkansas

CR 83-52                                    656 S.W.2d 698

Supreme Court of Arkansas
Opinion delivered September 12, 1983

*William R. Simpson, Jr.,* Public Defender, by: *Carolyn Baker,* Deputy Public Defender, for appellants.

*Steve Clark,* Atty. Gen., by: *Matthew Wood Fleming,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. The appellants were tried before a jury and found guilty of two counts of aggravated robbery and one count of criminal attempt to commit capital murder. They were both sentenced to fifteen years for each aggravated robbery count and thirteen years for attempted capital murder. For reversal the appellants argue: 1) the information on count three was insufficient to apprise them of the crime charged, 2) the evidence of attempted capital murder was insufficient to support the conviction, 3) aggravated robbery is a lesser included offense of attempted capital murder, and, 4) the trial court erred in refusing to give an instruction that aggravated assault is a lesser included offense of attempted capital murder. We agree with the last argument. The case is affirmed in part and reversed in part.

About 3:30 a.m. on April 2, 1983, Ernestine Davis, Lawrence Jacko and Theodore Jacko, Jr. were victims of an aggravated robbery. The robbery occurred on Jones Street in Little Rock, Arkansas. After taking money and other items, the robbers fled in one victim's vehicle, a white Chevrolet Impala. The robbery was reported to the Little Rock police shortly after it occurred by a witness to the robbery, Gayla Beard, who stopped at a nearby convenience store to make the call. After reporting the incident to the police the witness went to the scene, spied the robbers and commenced following them. She chased the robbers, sometimes at speeds in excess of sixty miles per hour until she caught up with them at 14th and Park. At this time the two occupants of the white Impala fired several shots in the direction of the witness. The witness was not injured, nor was her automobile damaged by the shots.

The witness returned to the convenience store where the police had arrived. While she was reporting to an officer word came over his radio that the automobile had been

found. The appellants were picked up soon after the stolen car was recovered. The witness and the victims viewed a lineup later that same day and identified the appellants as the robbers and as the persons who fired pistols at the witness.

The appellants were charged on two counts of aggravated robbery pursuant to Ark. Stat. Ann. § 41-2102 (Repl. 1977) and one count of criminal attempt to commit capital murder pursuant to section 41-701 (Repl. 1977). The criminal attempt count specifically stated it was based upon the attempt to murder witness Gayla Beard.

During the trial the victims and the witness identified the appellants as the robbers and as the persons who fired shots at the witness. Some of the testimony was contradictory. The court refused to give appellants' requested instruction No. 3, a modified AMCI 1604, which was to the effect that criminal attempt to commit capital murder included the lesser offense of aggravated assault.

Appellants' first argument for reversal is that the trial court erred in holding that count three of the information (attempt to commit capital murder) was sufficient to apprise the defendants of the crime charged. The count relating to the criminal attempt gave the date of the alleged offense and stated that the conduct created a substantial step in a course of conduct intended to culminate in the murder of Gayla Beard. It seems quite clear under the circumstances of this case that the conduct charged had to arise pursuant to Ark. Stat. Ann. § 41-1501 (1) (a) (Repl. 1977).

The court should have required the state to identify the specific statute it relied upon to support count three of the information. Failure to do so, however, did not prejudice the appellants. By process of elimination it is very clear that 41-1501 (1) (a) is the only applicable section to the charge in count three. Had there been serious doubt as to which law appellants were charged with violating it would have been incumbent upon them to request the information well in advance of the date of trial. *Parker* v. *State*, 265 Ark. 315, 578 S.W.2d 206 (1979). Therefore, we do not find prejudicial

error in the refusal to furnish appellants specific information about the particular section of the statute after the trial was in progress.

Appellants also argue that aggravated robbery is a lesser included offense of attempted capital murder and ask that the sentences for aggravated robbery be set aside pursuant to the provisions of Ark. Stat. Ann. § 41-105 (Repl. 1977). The record does not reveal a timely objection or that this matter was even presented to the trial court. Failure to present a matter to the trial court precludes our consideration on direct appeal. *Swaite* v. *State,* 274 Ark. 154, 623 S.W.2d 176 (1981).

A review of the record indicates that the evidence was sufficient to support the conviction for attempted capital murder. We must, however, reverse this conviction because the court refused to give appellants' requested instruction No. 3 (AMCI 1604) which would have instructed the jury that aggravated assault was a lesser included offense to the charge of attempt to commit capital murder. Aggravated assault is defined in Ark. Stat. Ann. § 41-1604 (Repl. 1977) as follows:

> (1) A person commits aggravated assault if, under circumstances manifesting extreme indifference to the value of human life, he purposely engages in conduct that creates a substantial danger of death or serious physical injury to another person.

Aggravated assault includes conduct "manifesting extreme indifference to the value of human life." Sub-section (1) (a) of 41-1501 (capital murder) describes conduct "under circumstances manifesting extreme indifference to the value of human life." Both statutes describe the same course of conduct. Murder in the first degree (Ark. Stat. Ann. § 41-1502) has the same language. Under the facts presented in this case it was a question for the jury to determine whether the appellants were fleeing at the time they shot at the witness. If they were not fleeing from the scene of a felony, the offense should have been criminal attempt to commit murder in the first degree. The jury should have been

instructed, as requested by the appellants, that attempted murder in the first degree and aggravated assault were lesser included offenses in the charge of criminal attempt to commit capital murder. When there is a rational basis for a verdict acquitting a defendant of the offense charged and convicting him of the included offense, an instruction on a lesser included offense should be given. It is reversible error to fail to give such instruction when warranted. No right of an accused has been more zealously protected. *Brewer* v. *State*, 271 Ark. 254, 608 S.W.2d 363 (1980).

In light of the foregoing, we find that the convictions and sentences for aggravated robbery as to both appellants must be affirmed. The convictions for attempted capital murder are reversed and the trial court is instructed to proceed in a manner not inconsistent with this opinion.