Johnny York DOBY *v.* STATE of Arkansas

CR 86-93                                        720 S.W.2d 694

Supreme Court of Arkansas
Opinion delivered December 8, 1986

*William R. Simpson, Jr.*, Public Defender, by: *Carolyn P. Baker*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Johnny York Doby was convicted of possession of a controlled substance with intent to deliver and theft by receiving a pistol. Having eight prior felony convictions, he was sentenced to a total of 40 years imprisonment.

On appeal he argues that an oral confession used against him was not voluntarily given. He also argues that the court was wrong in refusing to instruct the jury that it could find him guilty of a lesser crime of possession of a controlled substance. These are his legal arguments. Actually, on the witness stand, Doby denied possessing any drugs, having a pistol, or making a statement to the police. His defense was that there was no truth at all to the state's case.

We affirm the trial court's decision that the confession was admissible and find the court was right in refusing the instruction because there was no rational basis to give it.

After Doby was arrested and taken to the police station, Detective Sam Williams of the Little Rock Police Department informed him of his rights several times. Williams testified that Doby acknowledged knowing his rights and waived the right to counsel. He said Doby declined to make a written statement but agreed to make an oral statement and did not object to Williams making notes. Williams also said that Doby admitted having the drugs, which consisted of 84 Dilaudid tablets, 44 Valium tablets, and two PBZ tablets. Williams testified from his notes that Doby told him that he sold the Dilaudid for $45.00 each and the Valium for $1.00 to $1.50 each. He also stated that Doby told him that the .38 caliber snub nose revolver was needed for his protection and that he bought the gun for $30.00 worth of cocaine. Doby admitted to Williams that he sold cocaine in small amounts.

Detective Williams testified that he used no coercion. He further stated that while Doby seemed "weak", he did not observe any cuts or bruises and did not know if Doby had been struck several times by a police officer. He said Doby never told him he was in pain, never mentioned that he had cancer, and did not appear to be under the influence of any intoxicants.

The arresting officer, Hardy Wayne Forrest, said he knew Doby from previous contacts, having arrested him about a week before this arrest. According to Forrest, he arrested Doby about

9:15 p.m. on April 13, 1984, when he responded to a call about a prowler. When he arrived, he saw Doby walking down the street, he asked him to stop and identify himself and Doby began to run. Forrest ·chased him, and when he caught up with him, Doby pulled a gun. Forrest told Doby to drop the gun or he would shoot; Doby started to walk away. He was told again to stop and drop the weapon and finally he did.

According to Forrest, when he was handcuffing Doby, Doby resisted and tried to escape. When Doby began to fight, he used force to wrestle him to the ground. Forrest called for assistance. A police cadet was with Forrest at the time. Forrest admitted he struck Doby several times but that he only did so to overcome Doby's resistance. He denied using a club or flashlight to hit Doby and saw no cuts or bruises on him. He said he checked the weapon and found it had been reported stolen in October 1983. The owner of the gun, who was familiar with guns, later testified that it was worth $200.00 or more.

Doby's testimony conflicted sharply with the officers' testimony. He said he did not have a gun, did not resist arrest or have in his possession any drugs. He said he was struck before he was placed in the police vehicle and then was later taken out of the vehicle, searched and beaten. He said he was struck several times with a flashlight after he was handcuffed, and several officers were involved in this beating. He said he was beaten again at the police station, and the officer had to be restrained by other officers. He said that after the handcuffs were removed, this same officer tried to hit him again; but he ducked and the officer struck the wall. He pointed to a bandage on Forrest's hand as evidence of that blow.

Doby said he was advised of his rights, but he was groggy, in a state of shock, and in some pain from his cancer. He said he had Hodgkins's Disease, a form of cancer. He denied that he agreed to make a statement and said the officer did not tell him their conversation would be used against him. He denied that the officer asked him if he could take notes. He also denied he ever made a statement.

Doby agreed that no promises or threats were made but said he was beaten. Forrest testified in rebuttal that Doby was never struck while handcuffed, or with a flashlight, or at the station. He

said the ace bandage on his hand was put there because he strained his hand during the scuffle with Doby. He also added that the gun was loaded.

The trial judge sharply questioned the officers during their testimony. At the conclusion of the evidence, he observed:

> You were a lot better off before Mr. Doby testified, Mr. Simpson [counsel for the defendant]. I just don't find him to be worthy of any belief . . . I just will not accept as truth his version of the incident. The one that I viewed as being very close before . . . . I'm more convinced of the truthfulness of the police officers. And I feel like the circumstances are such that the defendant was properly advised of his constitutional rights. That he made a voluntary statement . . . . Those statements will be permitted to be used against him in any kind of forthcoming trial.

Two arguments are made by Doby concerning the confession: it was not voluntary because he was weak and sick and was beaten before giving it, and because, after he was advised of his rights, he expressly stated that he did not wish to write a statement. In *Jackson* v. *State*, 284 Ark. 478, 683 S.W.2d 606 (1985), we said:

> On appeal, this court makes an independent determination of the voluntariness of a confession, but we do not set aside the trial judge's finding unless it is clearly against the preponderance of the evidence. *Chisum* v. *State*, 273 Ark. 1, 616 S.W.2d 728 (1981). The burden is on the state to show that the statement was made voluntarily, freely, and understandably, without hope of reward or fear of punishment. *Tatum* v. *State*, 266 Ark. 506, 585 S.W.2d 957 (1979). Conflicts in the testimony as to voluntariness are for the trial court to resolve. *Fuller* v. *State*, 278 Ark. 450, 646 S.W.2d 700 (1983).

In this case we have an obvious situation where the trial court's finding on credibility should be given due consideration. Doby's testimony removed any doubts the judge may have had about the voluntariness of the confession. We cannot say the trial court was clearly wrong, and considering the totality of the

circumstances, we agree with its findings.

Doby's second argument also fails because of his testimony. He argues that, as a matter of law, he was entitled to have the jury instructed that it could find him guilty of the lesser offense of possession of a controlled substance. The trial court said it would make no sense to give such an instruction because Doby denied ever possessing any drugs, much less with the intent to sell. Actually, Doby wants the benefit of the possibility that a jury might return a finding of a lesser offense and lesser punishment even though he denies he is guilty.

Doby argues that the jury was entitled to disbelieve him and believe only part of the officers' testimony. Doby referred to his cancer but offered no proof of it. He also referred to the fact that he used Valium and Dilaudid but offered no proof of a prescription. Indeed, the state offered evidence that the normal dosage of Dilaudid was an eight to ten day supply at the most, and one four milligram tablet (which is the size tablet found on Doby) would be the most anyone could take at one time.

Doby rested his entire defense on his credibility against that of the officers. So as a practical matter, it came down to whom should the jury believe. There would be no rational basis to find the officers lied in part in this case. Their testimony so sharply conflicted with Doby's that it would not be reasonable to expect a jury to pick and choose and come up with a finding of a lesser offense when to do so would require a finding that Doby was a liar and the officers liars in part. If Doby had admitted possessing the drugs, it might make sense to require the charge of the lesser offense. But his defense was that he was entirely innocent of any crime: he possessed nothing. Therefore, the jury only had one question to decide, whether he was guilty as charged.

Doby relies on two recent court of appeals' decisions for his argument: *Flurry* v. *State*, 18 Ark. App. 64, 711 S.W.2d 163 (1986); *Holloway* v. *State*, 18 Ark. App. 136, 711 S.W.2d 484 (1986). In *Flurry* the charge was rape, and the defense was a total denial of any crime. The court of appeals decided it was error to refuse to give a lesser included offense instruction of carnal abuse in the third degree. The court said there was a rational basis but did not say exactly what it was. Instead, the court discussed several cases and seemed to rely on language in *Fike* v. *State*, 255

Ark. 956, 504 S.W.2d 363 (1974), which says a jury can believe or disbelieve anything. We are reversing *Flurry* this date on review.

In *Holloway* the charge was aggravated assault, and the court, again, held it error to fail to give a lesser offense instruction on lesser assaults. The defense was alibi. The court of appeals justified reversing the case because there was no direct evidence that the gun was loaded. Again, the opinion seems to rely on the language from the *Fike* case. The *Fike* case was decided before Ark. Stat. Ann. § 41-105 (3) (Repl. 1977) was adopted as part of the Criminal Code, effective January 1, 1976.

Our recent cases are entirely inconsistent with the rationale of these court of appeals' cases. In *Frederick* v. *State*, 258 Ark. 553, 528 S.W.2d 362 (1975), the charge was assault with intent to rape. We rejected the argument that a lesser charge of simple assault should have been submitted to the jury, finding that it was a question of being guilty of assault with intent to rape or nothing at all. We refused to apply the broad language of the *Fike* case. In *Sargent* v. *State*, 272 Ark. 336, 614 S.W.2d 503 (1981), the charge was first degree murder. A manslaughter instruction was requested. The defense was that the shooting was accidental or in self-defense. We relied on Ark. Stat. Ann. § 41-105 (3) and held under those circumstances a manslaughter instruction would have been useless, since there was no rational basis for it: it was first or second degree murder or nothing at all. In *Smith* v. *State*, 277 Ark. 403, 642 S.W.2d 299 (1982), the charge was aggravated robbery. The defendant denied entirely the charge. A lesser instruction on robbery was sought. We found no error in denying this request. We held again there must be some rational basis to give such an instruction, and, obviously, there was none. Smith was guilty of aggravated robbery or he was innocent. *Roberts* v. *State*, 281 Ark. 218, 663 S.W.2d 178 (1984), involved a charge of burglary and theft of property. The defense was alibi: he was not there to commit any offense. We found no error in denying a request for a lesser offense instruction on theft by receiving. There was no rational basis for it. According to the appellant, he had received the allegedly stolen goods several years before they were stolen. The appellant's own testimony was inconsistent with such a charge. So it made no sense to confuse the jury.

■ We have the same case before us as a matter of principle. Doby denied he even possessed any drugs or a gun. It was a case of all or nothing.

■ There is little doubt that the court of appeals is going in a different direction than we are on this principle of law. When the *Flurry* and *Holloway* cases are laid beside our recent cases, there is an obvious difference in approach to the problem and resolution of it. For that reason, the *Flurry* and *Holloway* cases are overruled on the principle of law at issue here: a lesser included offense instruction need not be given unless there is a rational basis.

Affirmed.

PURTLE, DUDLEY, and NEWBERN, JJ., dissent.

DAVID NEWBERN, Justice, dissenting. The majority opinion suggests that if the jury disbelieves the appellant's testimony it must believe all of the testimony presented by the appellee's witnesses if any of it is credible. The only justification offered for this conclusion is the sharp contrast between the police testimony and that of the appellant. That justification has no logical foundation but plays only on the facts of this case. If we are to be consistent in following this justification, we will presumably require a lesser included offense instruction when the contrast in testimony is less stark. However, I do not believe that is the reading to be given the majority opinion. It will be construed as holding that anytime a criminal defendant denies having committed any of the acts with which he is charged he is entitled to no instructions on lesser included offenses. That construction will deprive the jury of avenues it might take in its search for the truth. I find no rational basis for saying a jury must take an all-or-nothing approach in these circumstances. The lack of logic in the majority opinion's position is amply demonstrated by considering its fundamental proposition: Because the jury (and the trial judge) thought everything the appellant said was untrue, everything said by the state's witnesses was true.

It surely does no harm to require instruction on lesser included offenses, and I see no reason not to do so unless under no construction of the law with respect to the facts presented by the prosecution could a lesser included offense have been committed.

I do not subscribe to the majority opinion's conclusion that jurors will just be "confused" when a lesser included offense instruction is given. I believe them capable of making the required distinctions.

In *Fike* v. *State*, 255 Ark. 956, 504 S.W.2d 363 (1974), an issue was whether one accused of assault with intent to rape was entitled to an instruction on the lesser included offense of assault. In that case, the accused did not testify, but we said:

> In the case at bar, it is not questioned that the prosecutrix's testimony is sufficient to sustain the verdict of assault with intent to rape. However, the jury has the sole prerogative to accept all or any part of a witness' testimony *whether controverted or not*. Therefore, the jury had the absolute right, as trier of the facts, to evaluate the evidence and consider whether only an unlawful assault was committed upon her by appellant or even acquit him. The trial court should have given the instruction relating to the lesser included offense. . . . [255 Ark. at 959, 504 S.W.2d at 365, emphasis added.]

It is true, as the majority opinion says, that *Fike* v. *State*, *supra*, was decided prior to the adoption of Ark. Stat. Ann. § 41-105(3) (Repl. 1977) which states that there must be a rational basis for requiring the giving of an instruction on a lesser included offense. That fact is, however, insignificant for, as the commentary to the statute observes, the statute was intended to adopt the conclusion we reached in that respect before the code's adoption, citing *Caton and Headly* v. *State*, 252 Ark. 420, 479 S.W.2d 537 (1972).

The majority opinion's citations to *Frederick* v. *State*, 258 Ark. 553, 528 S.W.2d 362 (1975); *Sargent* v. *State*, 272 Ark. 336, 614 S.W.2d 503 (1981); and *Smith* v. *State*, 277 Ark. 403, 642 S.W.2d 299 (1982), are all unpersuasive, because in each of them the state's undisputed evidence showed that the crime charged was committed and that if the appellant committed any of it he committed all of it. In none of those cases was it said that the appellant's denial of participation in the crime made it unnecessary to instruct on a lesser included offense.

The only case cited by the majority opinion, the holding of

which supports its position, is *Roberts* v. *State*, 281 Ark. 218, 663 S.W.2d 178 (1984). In that case the appellant was charged with burglary and theft of property, and the appellant argued on appeal he was entitled to an instruction on the lesser included offense of theft by receiving. He put on three alibi witnesses whose testimony was that the appellant had been in possession of one of the allegedly stolen items since before the theft occurred. This court said, "[s]ince the appellant's position was that he was innocent of any theft, his request for the lesser included offense of theft by receiving was not rational." That opinion was wrong, and it was as illogical as the majority opinion here. Rather than making the "rational basis" determination by evaluating the state's evidence against the accused, as had the previous cases, the opinion subtly shifted the emphasis to the evidence presented by the accused. The result of this kind of thinking is that a plea of not guilty obviates the necessity of giving a lesser included offense instruction. The response to that assertion may be that we will only decline to require it when the accused testifies or presents other evidence denying his guilt. Again, this has the effect of denying the jury an opportunity to evaluate the state's evidence except to say it is all true or all false.

The prosecution will be hurt in some cases as much as the accused will be hurt in others by this illogical and unnecessary ruling. Presumably there will be cases where the state's evidence would be strong enough to convince a jury to convict of a lesser included offense but not of the offense charged. The trial court, reading *Roberts* v. *State, supra*, and the majority opinion here, may decline to give the lesser included offense instruction, because of the accused's testimony denying guilt, and thus deprive the jury of the opportunity to convict the accused of an offense of which he has been proven guilty. It makes no sense to me, and therefore, I respectfully suggest that *Roberts* v. *State, supra*, should be overruled and we should return to the reasonable practice of determining whether there is a rational basis for instructing on a lesser included offense by looking to the state's evidence to determine whether, as a matter of fact, an instruction on a lesser included offense would be justified.

PURTLE and DUDLEY, JJ., join in this dissent.