Bennie L. FRY *v.* STATE of Arkansas

CR 92-86                                                      829 S.W.2d 415

Supreme Court of Arkansas
Opinion delivered May 11, 1992

*Tom Garner*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Didi H. Sallings*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. This is an appeal by Bennie L. Fry from a judgment of conviction on two counts of rape. The jury recommended a sentence of forty years on each count, which the trial court approved, ordering the sentences to run consecutively.

Bennie Fry and Mona Fry have one child born of their marriage. Additionally, Mona Fry has three daughters of two previous marriages: Christine McClanahan, Genevieve Morris and Renee Morris. Bennie Fry was charged by information with the rape of Genevieve and Renee "on or about June or July, 1989." The girls were ten and nine respectively when the crimes were alleged to have occurred. Fry asserts three points of error by the trial court, none of which are persuasive.

Fry first contends the trial court erred in not granting his motion for a directed verdict as to the count involving Renee. Renee testified she was living with her mother and stepfather and attending school at Floral in the spring of 1989; that school was out "about the end of May." She said "along these days Bennie would put his hand inside my underpants, stick his finger inside of me, between my legs and move it up and down." She said it happened more than once though not after school was out. Since the information alleged the offenses occurred in June or July, and Renee testified the incidents did not occur after school was out at the end of May, Fry insists he was entitled to a directed verdict. We disagree.

By statute and case law it is established that generally the time a crime is alleged to have occurred is not of critical significance unless the date is material to the offense. Arkansas Code Ann. § 16-85-405(d) (1987); *Bonds* v. *State*, 296 Ark. 1, 751 S.W.2d 339 (1988); *Kirkham* v. *City of North Little Rock*, 227 Ark. 789, 301 S.W.2d 559 (1957). That is particularly true with sexual crimes against children and infants. Renee Morris's testimony that school was out "around the end of May" is not a categorical certainty; school may have extended over into June.

Moreover, giving that proof a margin of error produces no prejudice to the appellant, whose defense was that the alleged incidents with Renee and Genevieve, as well as Christine, never occurred and were entirely fabricated.

■ Appellant also argues that the trial court granted his motion in limine requesting the state be held to proof as stated in the information, specifically regarding the dates of the alleged rape of Renee and Genevieve. We find nothing to this effect in the abstract. There are two motions in limine, but they pertain to the prospective testimony of Christine. Neither mentions Renee or Genevieve. However, the Attorney General's brief observes that the state agreed it would prove "what the information alleged" and the trial court ruled the state's proof would not extend "beyond July, 1989." We find nothing in Renee's testimony that encroaches on that ruling.

■ Next, appellant alleges the trial court erred in refusing to give a lesser included instruction on carnal abuse in the third degree. He relies on *Flurry* v. *State*, 18 Ark. App. 64, 711 S.W.2d 163 (1986). *Flurry* held there was a rational basis under the proof of that case for an instruction on carnal abuse in the third degree as a lesser included offense to rape. But the *Flurry* court failed to note there are different elements of proof between the two offenses—third degree carnal abuse [Ark. Code Ann. § 5-14-106 (1987)] requires the accused be twenty years of age or above, whereas the crime of rape [Ark. Code Ann. § 5-14-103 (1987)] has no such element. Moreover, the *Flurry* case came before this court on petition for review and was reversed. We held there was no rational basis for a lesser included instruction when the defendant denies entirely any sexual encounter with the purported victim. *Doby* v. *State*, 290 Ark. 408, 720 S.W.2d 694 (1986). That, of course, was the appellant's testimony in the case at bar.

Finally, appellant submits it was error for the trial court to deny his motion to exclude the testimony of Christine McClanahan. Christine, the oldest daughter of Mona Fry, testified that soon after Bennie Fry and her mother married appellant sexually abused her, first by fondling and later by intercourse. The acts began when she was nine. By motion in limine appellant objected to the introduction of this testimony in that its probative value

was outweighed by its prejudicial effect. The trial court permitted the testimony while admonishing the jury as to its limited purpose.

■ Appellant argues that since Renee and Genevieve both had testified to a pattern of sexual abuse there was no need to call Christine as a witness to show a pattern of behavior. But that decision rests largely with the trial court and we see no reason to disagree. We have held a number of times that under Ark. R. Evid. 404(b) we will allow testimony of similar acts with other children when it tends to show a proclivity to the same behavior. *George v. State*, 306 Ark. 360, 813 S.W.2d 792 (1991); *Free v. State*, 293 Ark. 65, 732 S.W.2d 452 (1987); *White v. State*, 290 Ark. 130, 717 S.W.2d 784 (1986). As the state points out, the incidents involving all three girls began in the proximity of age nine and progressed from fondling to intercourse.

Finding no error, we affirm the judgment.