STATE of Arkansas *v.* Herbert JONES

CR 94-717                                903 S.W.2d 170

Supreme Court of Arkansas
Opinion delivered July 17, 1995

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Acting Deputy Att'y Gen., for appellant.

*Charles A. Banks, Mark S. Carter*, and *B. Jeffrey Pence*, for appellee.

DONALD L. CORBIN, Justice. Appellant, the State of Arkansas, appeals the order of the Pulaski County Circuit Court dismissing the first degree murder charge against appellee Herbert Jones. The state brings this appeal pursuant to Ark. R. Crim. P. 36.10(c), and asserts as the sole point of error the trial court's denial of its proffered jury instructions for the crimes of murder in the second degree and manslaughter as lesser included offenses of the crime charged. Our jurisdiction is proper pursuant to Ark. Sup. Ct. R. 1-2(a)(3) because this case questions the interpretation or construction of Rule 36.10(c) and Ark. Code Ann. § 5-1-110(c) (Repl. 1993). We declare error.

Appellee was charged by felony information with first degree murder for the death of his former business associate Dan Baker. At trial, appellee testified he shot Baker in self-defense and did not intend to murder him. The evidence showed the shooting occurred during a scheduled meeting between appellee and Baker at appellee's office and there was no eyewitness to the shooting other than appellee. The autopsy report showed Baker died of a single gunshot wound to the chest.

At the conclusion of all proof in the case, the trial judge and counsel discussed jury instructions in chambers where the following colloquy occurred:

THE COURT: AMCI, lesser included. You have included lesser included, I suppose, all the way down to manslaughter.

[DEPUTY PROSECUTING ATTORNEY]: In anticipatory. I always do that.

THE COURT: You didn't?

[DEFENSE COUNSEL]: No, sir.

THE COURT: You want to gamble on it?

[DEFENSE COUNSEL]: Yes.

THE COURT: If they want to gamble, I think it is their choice, if they don't want lesser.

. . . .

[DEFENSE COUNSEL]: My position is, I am objecting to any and all of them less than murder in the first degree. I want to make sure that my client agrees.

. . . .

[DEFENSE COUNSEL]: Judge, I have visited with my client and he wishes to stand on the instruction of murder in the first degree.

THE COURT: All right.

The state proffered instructions to the trial court, pursuant to section 5-1-110(c), for murder in the second degree and for manslaughter as lesser included offenses of murder in the first degree. Over the state's objection, however, the only crime with respect to which the jury was instructed was murder in the first degree. Appellant's requested instruction on the defense of justification by self-defense was given. The jury returned a verdict of not guilty.

In addressing an appeal by the state, we first must determine whether the correct and uniform administration of the criminal law requires our review pursuant to Rule 36.10(c). To the extent we conclude that requirement is met in this appeal, we will consider its merits. The fact that appellee was acquitted by the trial court does not preclude our review of an asserted legal error below. *State* v. *Johnson*, 317 Ark. 226, 876 S.W.2d 577 (1994); *see also State* v. *Thornton*, 306 Ark. 402, 815 S.W.2d 386 (1991) (dismissal of felony charge against appellee did not preclude this court's review of proceedings for legal error under Rule 36.10).

■ The state argues it was entitled to instructions on the lesser included offenses of murder in the second degree and manslaughter, as a matter of law, pursuant to section 5-1-110(c), given the proof it presented in this case.[1] Section 5-1-110(c) provides: "The court shall not be obligated to charge the jury with respect to an included offense unless there is a rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense." We have held that where a rational basis for a verdict of acquittal on the greater offense and conviction on the lesser offense exists, the trial court should give the lesser included offense instruction and it is reversible error not to do so. *Rainey v. State*, 310 Ark. 419, 837 S.W.2d 453 (1992). Error occurs when the trial court refuses to give the lesser included instruction where there is the slightest evidence to warrant it. *Id.*

■ We declare the trial court in the present case erred in its refusal to give the state's proffered instructions to the extent that ruling was based upon the rationale — "If they want to gamble, I think it is their choice, if they don't want lessers" —rather than a finding that no rational basis for the instruction existed. Plainly, section 5-1-110(c) does not delegate the decision regarding the propriety of a lesser included offense instruction to the defendant, but requires the trial court to determine whether the proffered instruction concerns a lesser included offense and, if so, whether a rational basis exists for a verdict acquitting the defendant of the greater offense and convicting him of the lesser. As the commentary to Ark. Stat. Ann. § 41-105, now codified as section 5-1-110(c), indicates, the General Assembly's purpose for this provision was to authorize the trial court "to refuse to instruct on an included offense when the evidence mandates either conviction of the greater offense or acquittal."

■ We are mindful of our decision in *Doby* v. *State*, 290

---

[1]We are aware of no prior appeal by the state on this issue. Doubtless, this circumstance is due to the fact that the state determines the charges brought against the defendant, and, subject to the restrictions of Ark. Code Ann. § 16-85-407 (1987), may amend the charging instrument even after the trial commences. With respect to section 5-1-110(c), however, we observe that statute does not expressly confer a right to a lesser included offense instruction solely upon the defendant. Further, this court has stated that, in appropriate cases, the instruction should be given over the defendant's objection. *Lampkin* v. *State*, 271 Ark. 147, 607 S.W.2d 397 (1980).

Ark. 408, 720 S.W.2d 694 (1986), which we described as a case of "all or nothing." *Id.* at 414, 720 S.W.2d at 697. In *Doby* we held the trial court did not err in finding no rational basis existed where the defense theory was that there was no truth at all to the state's case and the defendant's testimony completely denied committing the act with which he was charged. We have reiterated this ruling many times in cases where the theory of defense was premised upon a complete denial of the defendant's participation in the act charged. *E.g., Vickers* v. *State*, 320 Ark. 437, 898 S.W.2d 26 (1995); *Franklin* v. *State*, 314 Ark. 329, 863 S.W.2d 268 (1993); *Vickers* v. *State*, 313 Ark. 64, 852 S.W.2d 787 (1993); *Fry* v. *State*, 309 Ark. 316, 829 S.W.2d 415 (1992); *Watson* v. *State*, 308 Ark. 444, 825 S.W.2d 569 (1992); *Flurry* v. *State*, 290 Ark. 417, 720 S.W.2d 699 (1986).

■ The present case, however, is distinguishable from *Doby* and its progeny because appellee did not deny shooting Baker, but presented a defense based on his intention in and justification for committing that act. On these facts, the *Doby* rule is not applicable. *See Frazier* v. *State*, 309 Ark. 228, 828 S.W.2d 838 (1992) (affirming appellant's conviction for first degree murder and finding no error in trial court's refusal to give an instruction on a lesser included offense after appellant asserted defense of justification by self defense where the testimony revealed no rational basis for the instruction); *accord, Rainey*, 310 Ark. 419, 837 S.W.2d 453 (reversing appellant's conviction for first degree murder for trial court's refusal to give instruction on lesser included offense where appellant admitted shooting the victim out of anger); *Fladung* v. *State*, 292 Ark. 510, 730 S.W.2d 901 (1987) (reversing appellant's conviction for attempted capital murder for trial court's refusal to give instruction on lesser included offenses where appellant admitted retrieving a pistol from his car and presented a defense based largely on why he grabbed the weapon and what he intended to do with it thereafter).

■ We do not address the ultimate issue of whether application of section 5-1-110(c) to the facts of this case would have entitled the state to the proffered instructions. The state has no right to appeal beyond that conferred by the constitution or rules of criminal procedure. *State* v. *Edwards*, 310 Ark. 516, 838 S.W.2d 356 (1992). As a matter of practice under Rule 36.10(c), we only take appeals that are narrow in scope and involve the interpre-

tation of the law. *Id.* Therefore, to the extent this appeal merely raises an issue of the *application* of section 5-1-110(c) to the facts of this case, rather than its *interpretation*, the appeal does not involve the correct and uniform administration of the criminal law and is not addressed by this court.

██ We can do no more than declare the error of the trial court identified in this opinion. We cannot reverse the judgment because appellee's acquittal prevents the state from retrying him on the same charge. *State v. Long*, 311 Ark. 248, 844 S.W.2d 302 (1992) (acquittal of charge of capital murder pursuant to directed verdict at close of state's evidence precluded retrial despite trial court error).

Error Declared.

NEWBERN, BROWN, and ROAF, JJ., concur in the opinion except for the reference to *Doby v. State. See Brown v. State*, 321 Ark. 413, released this date.

HOLT, C.J., not participating.