## Davis v. State.

Opinion delivered July 2, 1904.

1. Assault with intent to kill.—instruction.—In a prosecution for assault with intent to kill where the evidence might have sustained a conviction for the lower offense of aggravated assault, it was error to charge that defendant was either guilty as charged or not at all. (Page 571.)

2. Same—evidence.—Before a person can be guilty of assault with intent to kill, the evidence must show that, had death resulted from the assault, it would have been murder. (Page 572.)

Appeal from Jefferson Circuit Court.

Antonio B. Grace, Judge.

Reversed.

STATEMENT BY THE COURT.

The appellant was indicted for assault with intent to kill Henry Jones, pleaded not guilty, was tried, convicted, and sentenced to confinement in the penitentiary for one year. He filed a motion for new trial, which was overruled, and he excepted and appealed to the supreme court.

The evidence is that appellant shot Henry Jones with a gun as said Jones was approaching near where the appellant was at work, and that there had previously been some hard feeling between them, and that each had made threats against the other. There was some evidence that Jones had a gun with him at the time, and that he attempted to shoot appellant before appellant shot him, though there is conflict as to Jones having a gun with him.

The court charged the jury in the words set out, towit:

"The criminal law of the state provides that 'whoever shall feloniously, willfully and with malice aforethought, assault any person with intent to murder or kill, or shall administer, or attempt to give any poison or potion with intent to kill or murder, and their counselors, aiders and abettors, shall, on conviction thereof, be imprisoned in the penitentiary not less than one nor more than twenty-one years." So if the jury are satisfied by the evidence in this case, beyond a reasonable doubt, that the defendant, Harrison Davis, within three years next before the filing of the indictment in this cause, did feloniously, willfully and with malice aforethought, with a deadly weapon, towit, a gun charged and loaded with gunpowder and leaden bullets, shoot at the said Henry Jones, the prosecutor, with the intention to murder or kill him, not in his necessary self-defense, it will be a duty of the jury to convict the defendant as charged in the indictment, and to fix his punishment at imprisonment in the state penitentiary for a period of not less than one nor more than twenty-one years.

"Although you may believe from the evidence that the defendant was upon the premises of witness Jones without right, this fact should not deprive him of the right of self-defense: and if, while upon said witness' premises, the said Jones attempted to kill defendant, and he, the said defendant, shot at said Jones under the honest belief that it was necessary to save his own life, or to prevent the said Jones from inflicting upon defendant some great bodily injury, then you should acquit defendant."

He then was asked by the appellant to give to the jury the following instruction, but refused, to which the defendant excepted:

"5. Every person who assaults another with a deadly weapon, instrument or thing, with the intent to inflict upon the person of another a bodily injury, where no considerable provocation appears, or where the circumstances of the assault show an abandoned and malignant disposition, is guilty of an aggravated assault. And the court instructs you that, if you should believe from the evidence that defendant is not guilty of an assault with intent to kill, as charged in the indictment, then you may find the defendant guilty of an aggravated assault; if you should believe from the evidence, beyond a reasonable doubt, that defendant is guilty of an aggravated assault, and, if you should so find, you will assess the punishment at not less than $50 nor exceeding $1,000 and imprisonment in the county jail not exceeding one year."

The court gave no other instruction than the ones herein copied.

*Bridges & Wooldridge,* for appellant.

Instructions Nos. 1, 2 and 3 should have been given. 34 Ark. 75. It was error for the court to instruct only as to the highest degree of crime. 43 Ark. 294; 50 Ark. 500. It was error to charge the jury as to matters of fact. 37 Ark. 580; 45 Ark. 165, 492; 50 Ark. 545.

*George W. Murphy, Attorney General,* for appellee.

Appellant was guilty of assault with intent to kill or nothing. 52 Ark. 345.

HUGHES, J. (after stating the facts). We are of the opinion that the court should have given instruction No. 5 asked by the appellant and refused by the court. We think it was correct, and should have been given in this case, as it seems from the evidence that, had death ensued from the assault, the appellant might not have been guilty of murder, and that he might have been found guilty of an aggravated assault only, or some degree of crime less than murder. We understand that, before a party can be guilty of assault with intent to kill, the evidence must show that, had death resulted from the assault, it would have been murder. The instruction as given, seemed to indicate to

the jury that the appellant was guilty of assault with intent to kill, or not guilty at all.

There should be in such a case as this no intimation of opinion by the court in its charge to the jury of the weight of the evidence. This is for the jury. *Flynn* v. *State*, 43 Ark. 294. See also *Polk* v. *State*, 45 Ark. 165; *Stephens* v. *Oppenheimer*, 45 Ark. 492; *Smith* v. *State*, 50 Ark. 545; *Mabry* v. *State*, 50 Ark. 500.

For the error indicated the judgment is reversed, and the cause is remanded for a new trial.