Marie WHITE, Individually and By Her Mother
and Next Friend, Frances White PEOPLES
*v.* E.W. GARRISON and
Mary GARRISON, Husband and Wife

CA 80-313 609 S.W. 2d 111
Court of Appeals of Arkansas
Opinion delivered December 17, 1980.

*Gibson & Gibson* by: *R. Bynum Gibson, Jr.*, for appellants.

*Drew & Mazzanti*, by: *Jerry E. mazzanti*, for appellees.

MARIAN F. PENIX, Judge. In March, 1978, the appellees E.W. and Mary Garrison, purchased a trailer park consisting of 4.525 acres from Marie White's father's estate for $17,-200.00. They improved the property in the amount of $5,-000.00. Marie White, appellant, is mentally retarded. As a result of a wrongful death action she inherited $21,701.96 from her father's estate. During the pendency of the tort action and the probate of her father's estate, a guardian was appointed for her. The guardianship was dissolved shortly before she received her inheritance settlement check on July 19, 1978. The $21,701.96 check was deposited into an escrow account of her attorney, Jim Haddock. On July 19, 1978 $20,-000.00 was paid to the Garrisons for the trailer park. The balance of $1,701.96 was retained by Attorney Haddock as a fee. In addition to the $20,000 paid the Garrisons, Marie Whie also executed a $6,500.00 installment note for the balance of the total purchase price of $26,500.00. In August 1978 Marie White executed a General Power of Attorney to her mother Frances White Peoples. On October 16, 1978 Marie White reconveyed to the Garrisons the entire trailer park, less a small lot (100" x 60") for $3,084.00 (in the form of a used trailer). The Garrisons retained an exclusive option to repurchase the small lot for $1,500. The Garrisons exercised this option for $700.00. In November 1978 Marie White, through her mother and next friend, Frances White Peoples brought an action to set aside and cancel the October 16 conveyance from Marie White to the Garrisons. The Court cancelled and set aside the conveyance. However, the Court granted judgment against Marie White for $3,784.00, together with any accumulated payments until the date of the decree on the $6,500.00 note. Further, the Court impressed

an equitable lien upon the property in the amount of $10,-284.00 plus accumulated interest. The $10,284.00 represents $3,784.00 paid by the Garrisons for reacquiring the property together with the $6,500.00 note executed by Marie White on July 19, 1980. Marie White appeals from the portion of the Decree awarding judgment against Marie White and impressing an equitable lien upon the property.

Marie White contends the judgment against her was in error because no guardian was appointed to appear and defend on her behalf. She also alleges error because the Garrisons did not file a counter-claim and also because the Garrisons are guilty of reprehensible conduct. Marie White contends she had not had her "day in Court" with respect to the promissory note executed by her July 19. In its findings of fact the Court stated:

> . . . this Court's inherent equitable power to right what is a patent wrong should be exercised in this case based upon the following:

> 1. The video tape deposition of Marie together with the testimony of Dr. Gilbert reveals that she is mentally retarded to a significant degree and in no way understands the nature of the various trailer park transactions — or this lawsuit — for that matter; and,

> 2. Marie in her own trusted Garrison based upon her association through the years. (testimony of Garrison himself); and,

> 3. The Garrisons, both of them, after receiving $26,500 less than three months thereafter returned to Marie only $3,084.00 plus satisfaction of the $6,500.00 note. The value of the trailer lot is — for purposes of the relief herein granted — fixed at $700.00. A total of $10,284.00. Thus, a profit to Garrisons of $16,216.00. Garrison, though he knew Marie was "slow", said he felt he should make a profit.

> 4. On or about October 16, 1978, Marie and her mother

were without a place to live. Garrison took unmistakable advantage of their predicament.

5. The Court has totally disregarded the disclaimer of Marie because Marie White was — at all times pertinent hereto — mentally deficient to the extent that she could not conduct her own affairs and was unaware of the nature, extent or value of her property and by what means she was divested of it. In a nutshell Marie, a mentally retarded person, had $21,750.00 in July of 1978 and in October, 1978, had nothing except the $100.00 she subsequently received. Garrison, on the other hand received a profit of $16,216.00 which clearly was Marie's money.

The Court went on to state its perception of the law as expressed in *Storthz* v. *Williams*, 51 Ark. 460 (1908):

Where the inadequacy (of price) does not stand alone, but is accompanied by other inequitable incidents, the relief is more readily granted . . . courts have established clearly marked limitations upon their remedial functions . . . The fact that a conveyance or other transaction was made without professional advice . . . was improvident, even coupled with an inadequacy of price, is not itself a sufficient ground for relief, provided the parties were both able to judge and act independently, and did act upon equal terms, and fully understood the nature of the transaction, and there was no undue influence or circumstance of oppression. When the accompanying incidents are inequitable, and show bad faith, such as . . . undue advantage . . . ignorance, weakness of mind . . . incapacity, pecuniary necessities, and the like . . . combined with inadequacy of price, may . . . induce a court to grant relief.

The Court further stated there is a heavy burden of proof on the one benefitting from the transaction to show good faith. The Court found the burden has not been met by Garrison in regard to the October 16 transaction. The Court ordered the deed cancelled.

We believe the Court correctly ordered the cancellation of the October deed. We cannot, however, agree with those parts of the decree which render a personal judgment against Marie in the amount of $3,784.00 and impose an equitable lien on the trailer park in the amount of $6,500.00. The Court made a specific finding of fact as to Marie's incompetency and her inability to comprehend any of the trailer park transactions. Ark. Stat. Ann. § 27-830 states that no judgment may be rendered against an incompetent unless a guardian has been appointed.

> The defense of an action against a person judicially found to be of unsound mind must be by his committee [guardian] or a guardian appointed by the court to defend for him, where no committee [guardian] appears, or where the court directs a defense by a guardian. *No judgment can be rendered against him until after a defense by his committee[guardian], or by a guardian appointed for that purpose. . . .* (Emphasis supplied).

Because no guardian was appointed, we find the imposition of the judgment and lien against Marie to be erroneous as a matter of law and therefore reverse. The cancellation of the deeds is affirmed but all other parts of the decree are reversed.

Affirmed in part; reversed in part.