Elizabeth Gammon BROWN *v.* STATE of Arkansas

CR 94-1430                                    903 S.W.2d 160

Supreme Court of Arkansas
Opinion delivered July 17, 1995
[Rehearing denied September 11, 1995.]

*John H. Bradley*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

Tom Glaze, Justice. On February 2, 1994, the Arkansas State Police, Osceola Police Department and Blytheville Police Department worked together with confidential informant Barbara Williams to make a cocaine buy. On that night, between 6:00 and 6:30 p.m., State Trooper Dwight Lee accompanied Williams, who was wired with a body mike, as she drove her vehicle to 122 E. Seemes in Osceola. Williams pulled up to the front of the residence, exited the vehicle and knocked on the door. Williams and Trooper Lee later described the person who answered the door to be a black female, approximately five feet, one inch, 195 pounds, and known as the appellant Elizabeth Brown. Williams entered the house, but left the door open. The porch light was on and Trooper Lee, sitting in the vehicle only ten to fifteen feet away, witnessed the two women talking. Lee saw an exchange take place whereby Williams gave money to Brown, and Brown gave something in return. Williams then walked directly back to Trooper Lee and gave him two rocks of crack cocaine. Williams had known Brown prior to this drug transaction and later described Brown as the one who sold her the cocaine. In describing the sale, Williams testified, "I don't think the door was open where Officer Lee could see this. I can't say." In this one respect, Williams's version differed from Trooper Lee's, who said he had seen the sale.

The state later charged Brown with having unlawfully delivered cocaine in exchange for $60.00. Brown was also charged with being a habitual offender.

At trial, the state presented Williams's and Trooper Lee's testimonies, supporting their respective views of Brown's sale and delivery of cocaine to Williams. In addition, Officer Mike Marshall was allowed, over Brown's objections, to testify that he had recorded the February 2, 1994 sale as it was broadcast over Williams's body microphone. Marshall also related that he had known Brown for five years and was able to identify her voice. Brown objected, arguing that the tape was unintelligible and that Marshall was not qualified to identify Brown's voice patterns.

Brown then presented her case-in-chief and her entire defense was one of alibi. She and other witnesses testified that she was working at a cafe at the time the state alleged she sold the cocaine to Williams. At the end of her case, Brown offered instructions AMCI 2d 301 and 302 on the lesser included offense of posses-

sion of cocaine, and the trial judge denied them. The jury subsequently returned a verdict of guilty and sentenced Brown as a habitual offender to fifty years imprisonment. On appeal, Brown contends the trial court erred in denying her lesser-included instructions and allowing Officer Marshall's testimony. We affirm.

In her first argument, Brown cites *Whitner* v. *State*, 311 Ark. 377, 843 S.W.2d 853 (1992), for the proposition that the offense of delivery of a controlled substance includes the lesser-included offense of possession and that being so, a simple possession instruction should have been given the jury. While she recognizes that *Whitner* and other precedent permit a trial court to reject such lesser-included instructions where no rational basis is presented, Brown argues a rational basis existed here. In sum, Brown says that a glaring conflict exists between Williams' and Trooper Lee's testimonies bearing on whether Lee actually saw the drug sale — Lee said he saw it and Williams testified no one else could have seen it. Brown concludes that, without the lesser-included instructions, the jury was prevented the opportunity to believe that there was no transfer of money or anything of value as required by the charge of delivery of a controlled substance.

Brown's argument ignores the fact that all of the state's witnesses placed Brown at the crime scene on February 2, 1994, although Williams gave testimony that, in her view of what happened, no one else could have seen the drug sale except her. Regardless of Williams's statement in this respect, we conclude that, under any objective review of the state's case, Brown was clearly described as the person making the drug sale on February 2. Even more significant, Brown's entire defense was based upon alibi and her contention that she was innocent of selling cocaine to Williams because she was elsewhere at the time of the crime and could not have been the woman Williams claimed sold her the cocaine.

The case of *Roberts* v. *State*, 281 Ark. 218, 663 S.W.2d 178 (1984), is an alibi case which supports the trial judge's ruling here. In *Roberts*, the defendant was charged with theft, but he asked for the lesser-included offense of theft by receiving. This court held that Roberts' instruction request was inconsistent with his own proof and that, because his alibi witnesses were offered to establish he had committed no theft, his request

for the lesser-included offense of theft by receiving was not rational. Here, likewise, because Brown's proof established she was elsewhere and innocent of participating in the cocaine transaction with Williams, it defies common sense to give the jury the possession of cocaine instruction she requested. In other words, if Brown was not present when the drug sale occurred, she logically could not be present and participate in a lesser offense. Such a proffered instruction could do nothing but confuse a jury. Thus, we hold the trial court was correct in refusing it.

■ In sustaining the trial court's ruling, we continue to hold that it is not error for the court to refuse or fail to instruct on the lower offense, where the evidence clearly shows that the defendant is either guilty of the greater offense charged or innocent. Over the past century, Arkansas cases have wisely and consistently applied this legal principle. *See Mitchell* v. *State*, 314 Ark. 343, 862 S.W.2d 254 (1993); *Vickers* v. *State*, 313 Ark. 64, 852 S.W.2d 787 (1993); *Fry* v. *State*, 309 Ark. 316, 829 S.W.2d 415 (1992); *Watson* v. *State*, 308 Ark. 444, 825 S.W.2d 569 (1992); *Flurry* v. *State*, 290 Ark. 417, 720 S.W.2d 699 (1986); *Roberts* v. *State*, 281 Ark. 218, 663 S.W.2d 178 (1984); *Smith* v. *State*, 277 Ark. 403, 642 S.W.2d 299 (1982); *Lovelace* v. *State*, 276 Ark. 463, 637 S.W.2d 548 (1982); *Sargent* v. *State*, 272 Ark. 336, 614 S.W.2d 503 (1981); *Beed* v. *State*, 271 Ark. 526, 609 S.W.2d 898 (1980); *Barksdale* v. *State*, 262 Ark. 271, 555 S.W.2d 948 (1977); *Parker* v. *State*, 258 Ark. 880, 529 S.W.2d 860 (1975); Caton v. State, 252 Ark. 420, 479 S.W.2d 537 (1972); *Clark* v. *State*, 169 Ark. 717, 276 S.W. 849 (1925); *Rogers* v. *State*, 136 Ark. 161, 206 S.W. 152 (1918); *Crenshaw* v. *State*, 271 Ark. 484, 609 S.W.2d 120 (Ark. App. 1980). While dissenting opinions in *Doby* v. *State*, 290 Ark. 408, 720 S.W.2d 694 (1986), and now this case suggest this rule of law be overruled, we simply fail to find good reason to do so. Even in cases where arguments are closely balanced — which is not conceded here — this court has held that the advantage of certainty in the law should tip the scales in favor of the rule of *stare decisis. Comer* v. *State*, 222 Ark. 156, 257 S.W.2d 564 (1953). Sound reason undergirds the established legal principle in issue here, and *stare decisis* dictates our continued application of it.[1]

---

[1] A dissenting opinion refers to *State* v. *Jones*, CR94-717, and suggests that case

We next turn to Brown's second argument that the trial court erred in admitting Officer Marshall's testimony identifying her voice as the one heard and recorded at the time of the drug sale. She also claims the tape was inadmissible because it was substantially inaudible. The trial court admitted the recording only for the purpose of refuting her alibi. Brown does not challenge the tape's authenticity.

Rule 901 of the Arkansas Rules of Evidence sets out the foundation that must be laid prior to voice identification testimony and provides as follows:

> Requirement of authentication or identification.
>
> (a) General Provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
>
> (b) Illustrations. By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
>
> * * *
>
> (5) Voice identification. Identification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker.

In *Roleson* v. *State*, 272 Ark. 346, 614 S.W.2d 656 (1981), we reversed the conviction because there was insufficient foundation for a witness to testify concerning the identity of Roleson's voice during a telephone conversation. The witness opined that the caller was Roleson although he had not met or talked with him and did not know what his voice sounded like. Under those circumstances, the witness was not qualified to offer an opinion

---

is inconsistent with the holding here. *Jones* is clearly different, since there, Jones never denied shooting the victim. Here, on the other hand, Brown defended, stating she not only did not commit the crime, but she was elsewhere when the offense was committed.

concerning the identity of the voice on the telephone. The evidence here contrasts significantly, given Officer Marshall's asserted familiarity with Ms. Brown's voice.

The trial court found that the inaudible and unintelligible portions of the recording affected the weight of the evidence rather than admissibility in view of the limitation of its admission of voice identification. Indeed, the jury had an opportunity to listen to the tape, and they were in a position to assess Officer Marshall's ability to identify the voice.

■ As to the general matter of audibility, we have held that tape recordings are admissible "unless the inaudible portions are so substantial as to render the recording as a whole untrustworthy." *Loy* v. *State*, 310 Ark. 33, 832 S.W.2d 499 (1992); *Ham* v. *State*, 301 Ark. 154, 782 S.W.2d 577 (1990). We will not, however, reverse a decision to admit a recording absent an abuse of discretion. *Id.*

■ The trial court admitted the recording for the purpose of identifying Ms. Brown's voice, and not for content. That the jury might not have been able to discern what was being said was of little consequence. We cannot say the trial court abused its discretion in allowing the admission of the recording.

Affirmed.

DUDLEY, J., concurs; NEWBERN, BROWN and ROAF, JJ., dissent.

ROBERT H. DUDLEY, Justice, concurring. I concur in the result of the majority opinion. In *Doby* v. *State*, 290 Ark. 408, 720 S.W.2d 694 (1986), this court held that when a defendant asserts that he is entirely innocent of any crime, no rational basis exists to instruct the jury on a lesser included offense, as the only issue for the jury is whether the defendant is guilty as charged. In so holding, this court overruled *Holloway* v. *State*, 18 Ark. App. 136, 711 S.W.2d 484 (1986), and *Flurry* v. *State*, 18 Ark. App. 64, 711 S.W.2d 163 (1986). We also discussed, but did not overrule, *Fike* v. *State*, 255 Ark. 956, 504 S.W.2d 363 (1974), where the defendant was convicted of assault with intent to rape after the trial court refused to instruct the jury on the lesser included offense of assault. Reversing in *Fike*, we said:

> In the case at bar, it is not questioned that the pros-ecutrix's testimony is sufficient to sustain. The verdict of assault with intent to rape. However, the jury has the sole prerogative to accept all or any part of a witness' testi-mony *whether controverted or not*. Therefore, the jury had the absolute right, as trier of facts, to evaluate the evidence and consider whether only an unlawful assault was com-mitted upon her by appellant or even acquit him.

255 Ark. at 959, 504 S.W.2d at 365 (emphasis added).

I joined the dissenting opinion in *Doby*, but it was just that, a dissenting opinion. The law became that set out in the major-ity opinion in *Doby*. Since that time we have had a number of cases that are best described as perplexing.

In *Fladung* v. *State*, 292 Ark. 510, 730 S.W.2d 901 (1987), the trial court denied appellant's motion that the jury be instructed on the lesser included offenses of aggravated assault and first degree assault. *Id.* at 511, 730 S.W.2d at 902. On appeal we agreed with appellant and reversed, holding that the testimony of appellant and the Trooper were much the same until appellant turned in the seat with the pistol, after which their stories diverged. *Id.* at 515, 730 S.W.2d at 903. We held that the jury could have believed all of either version of the events or parts of each ver-sion. *Id.* at 513-14, 730 S.W.2d at 903. Justice Hickman dissented without opinion. *Id.* at 515, 730 S.W.2d at 904.

We distinguished the circumstances of *Fladung* from those of *Doby* by pointing out that in *Fladung* the appellant never denied that he produced a pistol and that his defense was based upon his purpose in producing the pistol. *Id.* at 513, 730 S.W.2d at 903. Nonetheless, if appellant's purpose is a question of fact the same as possession of a pistol or drugs, then it is difficult to distinguish *Fladung* from *Doby* in principle. *See* 1983 Supple-mentary Comments to Ark. Code Ann. § 5-1-110 (1993 Com-mentaries).

The most recent decision in this perplexing line of cases was *Henson* v. *State*, 296 Ark. 472, 757 S.W.2d 560 (1988), where the we reversed appellant's conviction of aggravated robbery on grounds that the trial court erred by not giving the requested instruction on the lesser included offense of robbery. Appellant

pleaded not guilty and did not testify. The evidence showed that he put his hand in his pocket after he was surprised in the act of emptying a safe. The victim retreated, thinking appellant was reaching for a gun. Holding that the facts were susceptible to more than one interpretation, we held that the trial court should have instructed on robbery as a lesser included offense. *Id.* at 473, 757 S.W.2d at 560-61.

*Doby* has now been our interpretation of Ark. Code Ann. § 5-1-110(c) for nine years, and the statute has not been amended. We struggled to decide the case, and then expressly overruled two cases to make the holding. The trial court in this case followed the reasoning of *Doby* and refused to give AMCI 2d 301 and 302. Thus, the trial court correctly followed our law. Under these conditions, it seems wrong to again reverse ourselves, and to again change directions by overruling *Doby* without a clear warning to the bench and bar. At the same time, our holdings under the rationale of *Doby* have been perplexing, and the reasoning expressed in the dissenting is unassailable. Thus, I concur in the majority opinion in this case, but in cases tried after this date, I will join the reasoning expressed in today's dissenting opinion.

DAVID NEWBERN, Justice, dissenting. In *State* v. *Jones*, 321 Ark. 451, 903 S.W.2d 170 (1995), which is being released this date, the State argued eloquently, correctly, and effectively that the function of a jury in our society is to ascertain the truth. Therefore, the State argued, a criminal defendant should not be allowed to gamble by having a jury instructed only on the offense charged without instructions on lesser included offenses in the hope that the jury will find the proof lacking and acquit. The point so well made was that, if the State's evidence supports a finding that a lesser offense was committed by the defendant, the jury should be allowed to convict of that offense and not be limited to acquittal or conviction of the offense charged, so long as the lesser offense is, by definition, included in the offense charged. In *State* v. *Jones* we declare error because the Trial Court declined to instruct on lesser offenses included in the murder offense charged.

In this case, the shoe is on the other foot. Elizabeth Gammon Brown was charged with delivery of cocaine. To prove the offense, the State was required to prove "the actual, construc-

tive, or attempted transfer from one person to another of a controlled substance or counterfeit substance in exchange for money or anything of value whether or not there is an agency relationship." Ark. Code Ann. § 5-64-101(f) (Repl. 1993). Possession of a controlled substance is a lesser offense included in the offense of delivery. *Whitener* v. *State*, 311 Ark. 377, 843 S.W.2d 853 (1992). Ms. Brown was not allowed to have the jury instructed on the lesser included offense of possession because she had presented an alibi defense. She thus was placed in an "all or nothing" position just as was the State at the trial in the *Jones* case.

Having agreed that the State should not have been placed in that position, the majority of the members of this Court turn on Ms. Brown and say her request for instruction on a lesser included offense was properly denied because she presented an alibi defense. That illogically and improperly ignores the fact that the State's evidence presents a rational basis for instructing on possession as well as sale. It places Ms. Brown in the "all or nothing" position we say today was incorrect when applied to the State in the *Jones* case. The decision is unfair and nonsensical. If there was a rational basis for the jury to be instructed on the lesser included offense of possession, Ark. Code Ann. § 5-1-110(c) (Repl. 1993), then the jury should have been allowed to consider a lesser included offense so that it could fulfill its function as the finder of truth.

The evidence affecting the decision not to instruct on the lesser included offense was as follows. A drug transaction was arranged between Ms. Brown and Barbara Williams, a confidential police informant. Ms. Williams drove her car to the location where she was to meet Ms. Brown. Officer Lee of the State Police sat on the passenger side of the car, and Officers Robinson and Marshall were nearby in a separate vehicle listening and recording what was said through a body microphone worn by Ms. Williams. Officer Lee testified he gave Ms. Williams $60 in the form of three $20 bills which she carried in her hand as she drove the car without putting the money in her pocket or purse.

Officer Lee testified that Ms. Williams parked her car in front of a residence in Osceola, which was allegedly the home of one of Ms. Brown's friends. Ms. Williams knocked on the door. A woman answered and allowed Ms. Williams to step inside

the house. Officer Lee testified that, although they were inside, only the screen door had been shut, and the larger, wooden door had been left open. A porch light was on. He testified he could see the transaction as it was taking place. Officer Lee stated he saw Ms. Williams hand the other woman money in exchange for something. Ms. Williams then returned directly to the car and handed Officer Lee two rocks of crack cocaine.

Barbara Williams' version was consistent with Officer Lee's testimony except she first said she put the money in her pocket, and then that she was not certain of that. She also testified, "I don't think the door was open where Officer Lee could see this. I can't say." She testified she gave the money to Ms. Brown. No testimony was offered to show that Officer Lee or anyone else ascertained that Ms. Williams was not in possession of the money when she returned to the car.

On these facts, it is apparent that the jury, assessing the State's evidence could easily have decided that the State had not proved beyond a reasonable doubt that Ms. Williams gave Ms. Brown money. Yet the majority of this Court says that, because Ms. Brown presented alibi evidence, the jury has to believe all of the State's evidence or none of it. It is wrong to say that Ms. Brown's alibi evidence is in any way relevant to the State's burden of proof.

Our position on the matter of instructing on lesser included offenses was thoroughly exposed in *Caton* v. *State*, 252 Ark. 420, 479 S.W.2d 537 (1972), as follows:

> This court has zealously protected the right of an accused to have the jury instructed on lesser offenses included in a greater offense charged. We have consistently held that a trial court commits reversible error when it refuses to give a correct instruction defining a lesser included offense and its punishment when there is testimony on which the defendant might be found guilty of the lesser rather than the greater offense. *Walker* v. *State*, 239 Ark. 172, 388 S.W.2d 13; *Bailey* v. *State*, 206 Ark. 121, 173 S.W.2d 1010; *Smith* v. *State*, 150 Ark. 193, 233 S.W. 1081; *Allison* v. *State*, 74 Ark. 444, 86 S.W. 409; *Davis* v. *State*, 72 Ark. 569, 82 S.W. 167. We have been so careful to see that a jury has an opportunity to pass upon lesser offenses

as well as the greater one charged that we have held that it is not prejudicial error to give an instruction which permits the jury to find a defendant guilty of a lower offense than that charged, even when the defendant objects, because the evidence shows him to be guilty of the higher offense or of nothing at all. *Kurck* v. *State*, 235 Ark. 688, 362 S.W.2d 713, cert. denied, 373 U.S. 910, 83 S.Ct. 1299, 10 L.Ed.2d 412. Still, it is not error for the court to fail to instruct on the lower offense, where the evidence clearly shows that the defendant is either guilty of the greater offense charged or innocent. *Gilchrist* v. *State*, 241 Ark. 561, 409 S.W.2d 329; *Sims* v. *State*, 203 Ark. 976, 159 S.W.2d 753; *Clark* v. *State*, 169 Ark. 717, 276 S.W. 849; *Rogers* v. *State*, 136 Ark. 161, 206 S.W. 152. And we have held that where the higher offense charged included a lower offense and there was evidence sufficient to present a question of fact as to the defendant's guilt of either, the trial judge's instruction over defendant's objection, that the defendant could not under the testimony be convicted of a lower offense than that charged in the indictment, was reversible error. *Bryant* v. *State*, 41 Ark. 359.

In *Brewer* v. *State*, 271 Ark. 254, 608 S.W.2d 363 (1980), we stated, "We have held that where there is the slightest evidence to warrant such [a lesser included offense] instruction, it was error to refuse to give it."

In a subsequent decision in which we were sharply divided (4-3), *Doby* v. *State*, 290 Ark. 408, 720 S.W.2d 694 (1986), we said there is no basis for any lesser included offense instruction when the defendant simply denies the offense charged occurred. Doby was charged with possession of a controlled substance with intent to deliver. He denied the offense and testified it simply did not occur, thus contradicting the testimony of an officer who said Doby orally admitted to him that Doby had large amounts of controlled substances and that he had been selling them. That holding has been cited and specifically followed in a number of cases. See *e.g.,* *Vickers* v. *State*, 313 Ark. 64, 852 S.W.2d 787 (1993); *Fry* v. *State*, 309 Ark. 316, 829 S.W.2d 415 (1992); *Watson* v. *State*, 308 Ark. 444, 825 S.W.2d 569 (1992); *Flurry* v. *State*, 290 Ark. 417, 720 S.W.2d 699 (1986).

The *Doby* decision and the ones which have followed it were incorrect.

The problem with the *Doby* decision, as expressed in the dissenting opinion in that case, and as the State asserted in the *Jones* case released today, although the State did not discuss the *Doby* opinion, was that it foreclosed the jury from avenues it might follow in its search for the truth. The dissenting opinion in the *Doby* case made that same point and stated:

> Rather than making the "rational basis" determination by evaluating the state's evidence against the accused, as had the previous cases, the [majority] opinion subtly shifted the emphasis to the evidence presented by the accused. The result of this kind of thinking is that a plea of not guilty obviates the necessity of giving a lesser included offense instruction. The response to that assertion may be that we will only decline to require it when the accused testifies or presents other evidence denying his guilt. Again, this has the effect of denying the jury an opportunity to evaluate the state's evidence except to say it is all true or all false.

That is precisely the argument made by the State and approved by this Court in the *Jones* case we release today.

The majority opinion cites a long string of cases it purports to be in agreement with the *Doby* decision and its progeny. The list is impressive until the cases are examined. Here is an examination of those cases.

In *Rogers v. State*, 136 Ark. 161, 206 S.W. 152 (1918), Rogers was convicted of murder in the second degree. He was charged with murder in the first degree. There was circumstantial evidence that Rogers had intentionally drowned his infant daughter. An instruction was given on the lesser included offense of murder in the second degree. On appeal he contended it was error to have given the lesser included offense instruction. We said "Where the indictment charges murder in the first degree, and the undisputed evidence shows that the accused, if guilty at all is guilty of murder in the first degree, then it is not error for the court to refuse to give instructions authorizing the jury to return a verdict of guilty of one of the lower degrees of homicide." Although we

stated that "The proof warranted the jury in returning a verdict only for murder in the first degree . . . .," the holding of the case was that ". . . it is not prejudicial error for the court to give an instruction on the lower degree in such a case, because the error is one that results to the defendant's advantage." Unlike this case, there was nothing in the State's evidence suggesting Mr. Rogers might have been guilty of an offense less than first degree murder. It could be said there was no "rational basis" for anything other than the first degree murder instruction. Although Mr. Rogers testified and mounted an alibi defense, the evidence he presented was not stated by us as a reason for the *obiter dictum* that it was error to have instructed on second degree murder.

In *Clark* v. *State*, 169 Ark. 717, 276 S.W. 849 (1925), Mr. Clark was accused of felony first degree murder. He was convicted of that offense and sentenced to death. The murder occurred at the conclusion of a bank robbery in which Mr. Clark's role was that of driver of the getaway car. The evidence was that Mr. Clark shot the deceased, a businessman whose business was down the street from the bank, who was trying to apprehend Mr. Clark and his confederates. Mr. Clark's defense was that he participated in the robbery without any intent to shoot anyone. Seeming to concede that he was a participant in the bank robbery, the underlying felony, he argued on appeal that it was error for the Trial Court to refuse to give an instruction on second degree murder. Obviously, and unlike the evidence now before us, there was no basis for the lesser included offense instruction, and we said so. The case had nothing to do with an alibi defense.

In *Caton* v. *State, supra*, from which language is quoted above, an issue was whether the accused was entitled to an instruction on shoplifting as a lesser offense included in grand larceny. We held that the offense of grand larceny charged did not include all the elements of shoplifting, and thus there was no error in failure to instruct on shoplifting. There was nothing about an alibi defense. In the case now before us, we have no doubt that possession of a controlled substance is a lesser offense included in the offense of sale of a controlled substance.

In *Parker* v. *State*, 258 Ark. 880, 529 S.W.2d 860 (1975), all of the evidence showed that the victim of a robbery had been physically accosted and the element of force was present. Mr.

Parker contended it was error to fail to instruct on larceny. We said ". . . it is not error to refuse such an instruction when the evidence clearly shows that the defendant is either guilty of the greater charge or innocent." Again, there was nothing in the evidence to suggest the lesser included offense of larceny and there was no alibi defense.

In *Barksdale* v. *State*, 262 Ark. 271, 555 S.W.2d 948 (1977), Mr. Barksdale contended it was error to have refused an instruction on breaking and entering as a lesser included offense of burglary. The dispute was apparently over whether a student union building at the University of Arkansas at Pine Bluff was an occupiable structure. We held that there was no basis for the breaking and entering instruction because the evidence was that the building was occupiable. There was nothing to the contrary. No alibi defense was presented.

In *Crenshaw* v. *State*, 271 Ark. 487, 609 S.W.2d 111 (Ark. App. 1980), Ms. Crenshaw was convicted of second degree battery. The Court of Appeals simply refused to entertain Ms. Crenshaw's contention that she was entitled to a verdict form on battery in the third degree. The Trial Court had instructed on battery in the third degree but had withdrawn the instruction and submitted verdict forms only for second degree battery and not guilty. The Court of Appeals affirmed on the ground that the abstract contained no evidence of an objection either to the instructions or to the verdict forms.

In *Beed* v. *State*, 271 Ark. 526, 609 S.W.2d 898 (1980), Mr. Beed was accused of a number of offenses, including rape. He sought an instruction on sexual abuse in the first degree as a lesser offense included in rape. The victim testified she was certain there had been penetration. Mr. Beed contended her testimony had been confused about whether he desisted in his sexual attack before or during intercourse. We found no basis whatever for that contention and held, looking solely to the State's evidence, that it was not error to have refused the instruction on sexual abuse in the first degree where the evidence showed the defendant guilty or not guilty of the offense charged and not of a lesser offense. The fact that Mr. Beed had presented alibi testimony was not mentioned in the discussion of the alleged error with respect to the failure to instruct on the lesser included offense.

In *Sargent* v. *State*, 272 Ark. 336, 614 S.W.2d 503 (1981), Mr. Sargent was convicted of first degree murder in the killing of his father. The evidence presented by his siblings who were his accomplices was that Mr. Sargent had planned the offense thinking the family would get money, presumably insurance money, if his father were killed in his truck, so he shot him four times and attempted to burn the body while his father was still alive. Mr. Sargent wanted an instruction on the lesser included offense of manslaughter which would have been appropriate upon a showing that he had caused the death "under the influence of extreme emotional disturbance for which there [was] no reasonable excuse." We held there was no evidence to support any finding of "extreme emotional disturbance." Alibi was not in question.

In *Lovelace* v. *State*, 276 Ark. 463, 637 S.W.2d 548 (1982), Mr. Lovelace was charged with aggravated robbery. Mr. Parker testified that Mr. Lovelace held a gun to him while robbing the convenience store where Mr. Parker was employed. A hidden camera photographed the robber holding a small revolver. Mr. Lovelace contended on appeal that the Trial Court should have instructed on the lesser included offense of robbery. The evidence was clear that the robbery had been conducted at gunpoint. There was no indication whatever in the evidence that the robbery was accomplished other than with the use of a gun. We held there was no rational basis for the lesser included offense instruction. There was no alibi evidence.

In *Smith* v. *State*, 277 Ark. 403, 642 S.W.2d 299 (1982), Mr. Smith denied any knowledge of or complicity in the aggravated robbery with which he was charged. Mr. Smith contended on appeal that the Trial Court erred in failing to instruct on the lesser included offense of robbery. An officer who chased and apprehended Mr. Smith after the robbery testified Mr. Smith was armed. There was no evidence to the contrary. We held there was no rational basis for the giving of the lesser included offense instruction. Again, the holding was based on the State's evidence rather than on the fact that Mr. Smith denied participation in the offense.

In *Roberts* v. *State*, 281 Ark. 218, 663 S.W.2d 180 (1984), Mr. Roberts was charged with burglary and theft of property. His

fingerprint was found on a window which had been pried at the residence where a theft had occurred, and he was found in possession of one of a matched pair of earrings, the other one of which was left at the residence. Mr. Roberts presented three alibi witnesses and then sought an instruction on the lesser included offense of theft by receiving. We noted that "Since appellant's position was that he was innocent of any theft, his request for the lesser-included offense of theft by receiving was not rational. Under the facts of this case, we conclude the trial court was not obligated to charge the jury with respect to the lesser offense." While that statement supports the majority opinion in the case now before us, it must again be noted that nothing in the State's evidence suggested anything other than burglary. Discussing the *Roberts* case in the *Doby* opinion we said "According to the appellant [Roberts], he had received the allegedly stolen goods several years before they were stolen." The opinion in the *Roberts* case does not, however, refer to any such testimony. Reading that opinion, one simply cannot say there was any evidence presented by the State or by Mr. Roberts from which jurors could rationally conclude theft by receiving had occurred. While I disagree with the statement connecting the alibi evidence with the necessity for the lesser included offense instruction, it is clear to me that the *holding* of the case, limited to its facts, is that there is no way the jurors could have concluded on the basis of the State's evidence that anything other than burglary had occurred.

In *Mitchell* v. *State*, 314 Ark. 343, 862 S.W.2d 254 (1993), Mr. Mitchell was charged with capital felony murder. He admitted hitting the victim with a tire tool and absconding with the victim's truck. He was convicted of first degree murder. On appeal he contended the evidence was insufficient to support the conviction and the evidence had not warranted an instruction on capital felony murder. We held the evidence was sufficient to sustain the first degree murder conviction and that it had not been error to instruct on capital felony murder. There was nothing in the case about alibi, and I am at a loss to say why the case is cited in the majority opinion.

While we went too far in what we said in the *Roberts* case, that has not created the problem in view of the fact that the holding there was not far reaching. The mistake was made in the *Doby* case and in *Flurry* v. *State*, 290 Ark. 417, 720 S.W.2d 699

(1986), which was decided the same day. It came about because of reasoning based on the *Roberts* case. "According to the appellant [Roberts], he had received the allegedly stolen goods several years before they were stolen. The appellant's [Roberts's] own testimony was inconsistent with such a charge. So it made no sense to confuse the jury."

We should not have made that connection. The State has the burden of proving each element of a criminal offense beyond a reasonable doubt. In a situation where (1) there is separable evidence about those elements, and (2) there is evidence from which a jury could conclude, based on credibility of the witnesses or conflicts in their testimony, that not all of the elements have been proven beyond a reasonable doubt, and (3) the failure with respect to one of the elements could result in conviction of a lesser included offense, there should be an instruction on the lesser included offense. A plea of not guilty, evidence of denial by the defendant, or alibi evidence presented by the defendant has nothing to do with the strength or weakness of the State's evidence.

In *United States* v. *Thornton*, 746 F.2d 39 (D.C. Cir. 1984), the Court of Appeals pointed out that the appellant's argument that a lesser included offense instruction should have been given had overlooked the point that his exculpatory defense gave no basis for it and there must be a rational basis for the instruction. The Court of Appeals then said:

> At the same time, we recognize that even where the defendant presents a totally exculpatory defense, the instruction should nonetheless be given if the evidence presented by the *prosecution* provides a rational basis for the jury's finding the defendant guilty of a lesser included offense. [*United States* v.] *Sinclair*, 444 F.2d 888 (D.C. Cir. 1971) [emphasis in original].

*See also United States* v. *Payne*, 805 F.2d 1062 (D.C. Cir. 1986); *United States* v. *Canova*, 638 F.Supp. 1055 (S.D.N.Y. 1986).

As we said in *Fike* v. *State*, 255 Ark. 956, 504 S.W.2d 363 (1974), ". . .the jury has the sole prerogative to accept all or any part of a witness' testimony whether controverted or not. . . ." The State understandably wants a jury to have the prerogative of believing its witnesses in part or accepting part of its evidence

if it fails to prove all it alleges. Obviously, in determining the guilt or innocence of an accused the jury must look first to the State's proof, for the State has the burden of proving guilt beyond a reasonable doubt. If the jury believes a part of the State's proof, enough to sustain a lesser included offense but not enough to sustain the original charge, should the jury be limited to choices of conviction on the original charge or acquittal just because the defendant has denied his or her guilt or offered an alibi defense? Limiting the jury to such a choice would result in a clearly untruthful decision for no good reason. If the State charges, for example, capital felony murder and the defendant testifies he was not at the scene of the crime when it was committed, should the trial court refuse an instruction on a lesser degree of homicide if the State presents no evidence of any underlying felony? I suggest the refusal to instruct on the lesser included offense in that instance would be preposterous; yet that is just the sort of situation to which the majority opinion could lead.

As we have held today in the *Jones* case, if the State's evidence is such that a jury could believe part of it and thus render a conviction of a lesser included offense, then there is a rational basis for instructing on such an offense. There is no less a rational basis for the instruction if the defense is a denial of either the defendant's participation in the offense or its occurrence. The defense is no less entitled to the instruction than the State, and I take it we should favor truthful verdicts rather than the untruthful ones which will surely result in some cases from the playing of a legalistic game.

I respectfully dissent.

BROWN and ROAF, JJ., join in this dissent.

ANDREE LAYTON ROAF, Justice, dissenting. The majority states that it "defies common sense" to give the jury instruction on the lesser included offense where defendant's proof established she was elsewhere and innocent of participation in the cocaine transaction, in other words, where an alibi defense was put forth. It defies neither common sense nor does it defy a most basic premise of our system of criminal justice — that the state must prove beyond a reasonable doubt, every element of its case. The discrepancy in the testimony of the state's only two witnesses to the drug transaction in question can be said to have

injected at least the element of doubt in this case — unless it also defies common sense that policemen can be untruthful or in error, or that drug informants — most often recruited from the seamier elements of our society — can be the same. In this case, one or the other, or perhaps both of these witnesses either fabricated or were mistaken about an aspect of the drug transaction. In any case, the requested instruction should have been given and the jury allowed to weigh all the evidence including the issue of credibility presented by this conflict in testimony.

As to the line of cases cited by the majority in general, and *Doby* v. *State*, 290 Ark. 408, 720 S.W.2d 695 (1986), in particular, if they stood only for the proposition that a lesser included instruction should not be given absent a rational basis, I would be in complete agreement. However, the majority interprets *Doby* as holding that a defendant who presents a complete denial or an alibi defense is in an "all or nothing" situation, and can *never* receive a lesser included instruction, regardless of any weakness in the evidence or in the credibility of the witnesses in the state's presentation of its case. It is "never" that makes this interpretation illogical because an unsuccessful alibi defense in no way establishes the credibility of the state's witnesses or the elements of the greater offense charged. Even so sacrosanct a concept as *stare decisis* should not stand in the way of correcting such a clear mistake.

I respectfully dissent.