**Floyd CRISP, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

No. 96–247.

Supreme Court of Wyoming.

Sept. 18, 1997.

Sylvia Lee Hackl, State Public Defender, PDP; Donna D. Domonkos, Assistant Public Defender; Jason Tangeman, Special Assistant Public Defender, for Appellant.

William U. Hill, Attorney General; Paul Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; Barbara L. Boyer, Senior Assistant Attorney General, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

THOMAS, Justice.

The issues in this case all relate to the admission into evidence of a tape recording of a conversation between Floyd Crisp (Crisp) and an informant that took place during the sale of cocaine by Crisp to the informant. Crisp contends that the tape recording should not have been admitted into evidence because it was inaudible and because no proper foundation was laid prior to the admission of the recording into evidence. He also argues that the jury should not have been furnished with transcripts of the recording to use while it was played at the trial. We hold that there was no abuse of discretion on the part of the trial court in receiving the tape recording into evidence nor in permitting the jurors to have transcripts of the tape recording. No error occurred such as Crisp claims, and the Judgment and Sentence entered upon Crisp's conviction of the delivery of cocaine in violation of Wyo. Stat. § 35–7–1031 (1994)[1] is affirmed.

In the Brief of the Appellant, the issues are stated in this way:

*Issue I*

Did the district court abuse its discretion in failing to exclude the tape recording of the alleged drug transaction between the Appellant and the State's informant?

*Issue II*

Did the district court err in allowing the jury's use of transcripts of tape recorded evidence while the tapes were played in open court?

In the Brief of Appellee, the issues are defined as follows:

I. Did the district court properly deny Appellant's motion to suppress the evidence seized incident to arrest?

II. Did the district court properly admit into evidence a transcript of the tape of the phone call that set up the drug buy?[2]

June 16, 1995 was not a good day for Crisp. On that day, an agent of the Wyoming Attorney General's Division of Criminal Investigation (DCI) was supervising a paid informant who made a telephone call to Oil City Liquors in Casper. The purpose of that call was to attempt to arrange a purchase of cocaine from an individual who was the target of a DCI drug investigation. The targeted subject of the investigation did not answer the telephone call, but Crisp did, and Crisp offered to sell the informant two "eight balls" of cocaine for Four Hundred Fifty Dollars ($450.00).[3] The telephone conversation with Crisp was recorded by DCI agents, and Crisp became the object of a new drug investigation.

Following the telephone conversation, the DCI agents searched the informant,

---

**1.** Wyo. Stat. § 35–7–1031 (1994) provides in pertinent part:
(a) Except as authorized by this act, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance. Any person who violates this subsection with respect to:
(i) A controlled substance, classified in Schedule I or II which is a narcotic drug, is guilty of a crime and upon conviction may be imprisoned for not more than twenty (20) years, or fined not more than twenty-five thousand dollars ($25,000.00), or both; * * *
Cocaine is defined as a narcotic drug in Wyo. Stat. § 35–7–1002(a)(xv) (1994), and it is included in the controlled substances listed in Schedule II in Wyo. Stat. § 35–7–1016(b)(iv) (1994).

**2.** While these issues are stated in the Brief of Appellee, filed by the State, the first issue seems to be an unartful statement. The position of the State is best captured by reference to its statements of its arguments:

*ARGUMENT I*
The district court properly admitted into evidence a tape recording of a drug buy implicating appellant.
*ARGUMENT II*
The district court properly admitted into evidence a transcript of the tape of the phone call that set up the drug buy.

**3.** An "8-ball" of cocaine is 1/8 of an ounce, or 3.5 grams, of cocaine.

equipped her with a portable recording device, and furnished her $450.00 to purchase the cocaine. One of the agents then drove the informant to an area near Oil City Liquors. She walked the rest of the way to Oil City Liquors and entered the bar with Crisp who had been waiting outside. When they were inside the bar, the informant and Crisp went to a restroom, where Crisp handed her two plastic bags, each containing white powder, and the informant gave Crisp the $450.00. The informant wrapped the plastic bags in paper towels from the restroom, left Oil City Liquors, and walked a short distance to a meeting place where the DCI agents were waiting.

The informant turned over the two plastic bags containing the white powder to the DCI agents, and upon being tested, the substance was identified as cocaine. The DCI agents also removed the micro cassette from the portable recording device which the informant had carried. The $450.00 used to purchase the cocaine never was recovered.

About two months later, on August 11, 1995, Crisp was charged with one count of delivery of cocaine in violation of WYO. STAT. § 35–7–1031 (1994). When the case went to trial, Crisp argued that the tape recordings of the telephone conversation and the transaction with the informant were so inaudible that they lacked probative value and, for that reason, were not relevant. The trial judge listened to the tapes during a recess in the trial proceedings, and the judge determined that the tapes were sufficiently audible to justify their admission into evidence. Later in the trial, Crisp contended that no proper foundation was presented to admit the tape recordings into evidence, and he objected to the submission of transcripts of the tape recording to the jury. The jury found Crisp guilty of the charged offense, and the district court then imposed a sentence to a term of not less than five but not more than six years in the Wyoming State Penitentiary. Crisp appeals from the Judgment and Sentence.

■ A sound recording is admissible in a criminal action when the recording is relevant and material and a proper foundation is laid. *Munoz v. State,* 849 P.2d 1299, 1301 (Wyo.1993); *Vrooman v. State,* 642 P.2d 782, 785 (Wyo.1982). Like any other ruling with respect to the admission of evidence, the decision as to the admissibility of sound recordings is within the sound discretion of the trial court and will not be set aside absent a clear abuse of discretion. *Herdt v. State,* 891 P.2d 793, 801 (Wyo.1995); *Pino v. State,* 849 P.2d 716, 718–719 (Wyo.1993); *U.S. v. Gomez,* 67 F.3d 1515, 1526 (10th Cir.1995). In applying the Federal Rules of Evidence, after which the Wyoming Rules of Evidence are patterned, the federal courts hold that if a tape recording is partially inaudible, it is admissible unless the inaudible portions are so substantial as to render the recording untrustworthy when considered in its entirety. *U.S. v. Tisor,* 96 F.3d 370, 376 (9th Cir.1996); *U.S. v. DiSanto,* 86 F.3d 1238, 1253 (1st Cir.1996); *U.S. v. Webster,* 84 F.3d 1056, 1064 (8th Cir.1996); *U.S. v. Larkins,* 83 F.3d 162, 167 (7th Cir.1996). Other state courts apply substantially the same rule. *E.g., Brown v. State,* 321 Ark. 413, 903 S.W.2d 160, 163 (1995); *State v. Rogan,* 94 Ohio App.3d 140, 640 N.E.2d 535, 540 (1994); *People v. Rogers,* 187 Ill.App.3d 126, 135 Ill.Dec. 65, 543 N.E.2d 300, 303 (1989); *Com. v. Silva,* 401 Mass. 318, 516 N.E.2d 161, 167 (1987).

■ Certain portions of the tape recording of the transaction between the informant and Crisp that occurred in the restroom of Oil City Liquors are inaudible because of interference from other customers in the bar. Despite the fact that certain portions are inaudible, most of the tape recording narrates the drug transaction in a clear and audible manner. The inaudible portions are not so substantial as to render the recording untrustworthy, and the district court did not abuse its discretion in admitting this tape recording into evidence.

■ Crisp argues in addition, that the foundation which was presented to justify the admission of the tape recordings as evidence was not adequate. At Crisp's trial, the foundation laid by the State for the tape recordings consisted of the testimony of both the informant who participated in the drug transaction and the DCI agent who monitored the

transaction. The informant explained how she had been equipped with the portable recording device by the DCI agents, and she described the transaction with Crisp at Oil City Liquors in detail. The DCI agent testified that he assisted in equipping the informant with the tape recorder; monitored the informant throughout the transaction; and retrieved the micro cassette from the informant after the transaction was completed. "Admission is especially appropriate where a witness who heard the statements also testifies and the recording gives independent support to his testimony." *U.S. v. Davis,* 780 F.2d 838, 846 (10th Cir.1985), *followed by, U.S. v. Hanif,* 1 F.3d 998, 1002 (10th Cir. 1993). The testimony from the informant and the DCI agent who monitored the transaction laid more than sufficient foundation to insure the trustworthiness and accuracy of the tape recordings. They were properly admitted into evidence over Crisp's objection as to foundation.

As a final contention, Crisp urges that the district court erred in submitting transcripts of the tape recording to the jury. Like the admissibility of the sound recordings themselves, the admission of transcripts to assist the trier of fact lies within the sound discretion of the trial court. *Munoz,* 849 P.2d at 1300. Transcripts are especially useful as an aide to the jury when it listens to the playback of the tape recording in its deliberations. *U.S. v. Gonzalez–Maldonado,* 115 F.3d 9, 17 (1st Cir.1997). We have ruled that these tape recordings were sufficiently audible, and a proper foundation was laid to justify their admission into evidence. Under the circumstances, there was no abuse of discretion on the part of the district court in submitting copies of the transcript of the tape recording to the jury.

The Judgment and Sentence entered in the district court is affirmed.